IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF TUCKER WESTFALL, TRACY WESTFALL, and DALE WESTFALL<br><br>                              Plaintiffs,<br><br>     v.<br><br>POLARIS INDUSTRIES, INC., ABC COMPANY, and DEF INSURANCE COMPANY,<br><br>                              Defendants. | 20-cv-608 |

**DEFENDANT POLARIS INDUSTRIES INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, Defendant Polaris Industries Inc. ("Polaris") hereby gives notice of removal of this action, captioned *Estate of Tucker Westfall, et al. v. Polaris Industries Inc., et al.*, bearing case number 2020-CV-000279, from the Circuit Court of Marathon County, Wisconsin, to the United States District Court for the Western District of Wisconsin. Pursuant to 28 U.S.C. § 1446(a), Polaris provides the following statement of the grounds for removal.

**I.    INTRODUCTION**

1.     On June 2, 2018, Tucker Westfall lost his life in an incident involving a 2015 Polaris Ranger XP 900 Utility Task Vehicle. Mr. Westfall's estate and his parents, Tracy and Dale Westfall (collectively, "Plaintiffs"), subsequently filed suit against Polaris in state court. They assert claims for strict products liability and negligence. Copies of all process, pleadings and orders Plaintiff previously served upon Defendants are attached hereto as **Exhibit 1,** as required by 28 U.S.C. § 1446(a).

## II.     REMOVAL IS PROPER

2. This Court is the proper venue for removal. It also has subject matter jurisdiction over this action.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and 1446(a) because this action was filed in the Circuit Court of Marathon County, Wisconsin, which is within the territory of the Western District of Wisconsin.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between the Plaintiffs and all named defendants; (2) the amount in controversy exceeds $75,000; and (3) all other requirements for removal have been satisfied.

5. First, complete diversity of citizenship exists here because all of the properly named and served parties are citizens of different states. Tracy Westfall, Dale Westfall, and the Estate of Tucker Westfall are all citizens of the State of Wisconsin. Ex. 1, Compl. ¶¶ 1-4. Polaris is a Delaware corporation headquartered in Minnesota. *Id.* ¶ 5.

6. Plaintiffs also named two fictitious defendants in the Complaint: ABC Company and DEF Insurance Company. Both fictitious defendants are alleged to be Wisconsin residents. Plaintiffs identified ABC Company as "a fictitious company doing business within the State of Wisconsin" that is in the business of "manufacturing, selling, distributing, testing, and/or servicing Powersports products and vehicles…." Ex. 1, Compl. ¶ 6. Plaintiffs identified DEF Insurance Company as "a fictitious insurance company doing business within the State of Wisconsin" which "had in full force and effect, one or more applicable policies of insurance to Polaris Industries Inc. and/or ABC Company indemnifying them for the liability herein alleged…." *Id.* ¶ 7.

7.      Under 28 U.S.C. § 1441(b)(1), the alleged residences of the fictitious defendants are irrelevant for purposes of removal. *Id.* ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Thus, because Plaintiffs and Polaris are citizens of different states, complete diversity exists here.

8.      Second, the amount in controversy exceeds $75,000, exclusive of fees and costs. Although the Complaint does not assert a specific monetary demand, it can be fairly construed to seek damages exceeding the $75,000 jurisdictional threshold. The Complaint identifies a host of damages categories, including loss of society and companionship, funeral and burial expenses, medical expenses, and other past and future economic losses. Given the gravity of the tragic loss that gives rise to this action, Plaintiffs no doubt assign more than $75,000 in value to the damages they seek to recover. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-89 (2014). (recognizing that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and that a "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"); *see also Silva v. Chrysler Corp.*, N.D.Ill. No. 97 C 8257, 1998 U.S. Dist. LEXIS 1064, at *3 (N.D. Ill. Jan. 29, 1998) ("Death cases do not involve less than $ 75,000, except in the most unusual circumstances."); *Martin v. Moody's Pharm.*, S.D.Ill. No. 09-MD-1200-DRH, 2012 U.S. Dist. LEXIS 80863, at *30-31 (S.D. Ill. June 12, 2012) ("The damages sought include wrongful death and negligence, which are most likely to exceed the threshold requirement of in excess of $75,000."); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010) (affirming denial of motion to remand because value of wrongful death claim likely exceeded $75,000 when "analyzed with judicial experience and common sense").

9.    Finally, all other requirements for removal are satisfied as (1) the Notice is timely, (2) no additional consent is required for removal, and (3) the state-court pleadings are provided with this Notice.

10.    Polaris was served with the Complaint on June 2, 2020.  As Polaris is filing this Notice of Removal on June 30, 2020, the Notice is within the thirty-day time limit for removal. 28 U.S.C. § 1446(b)(1).

11.    Further, no additional consent is required for removal.  Under 28 U.S.C. § 1332(a) and § 1446(b), all defendants who have been properly joined and served must consent to removal. The fictitious defendants, ABC Company and DEF Insurance Company, have not been properly named nor have they been served.  As such, their consent is not required for removal.

12.    Lastly, a copy of the docket in the state court action being removed to this Court and copies of all pleadings filed in that action are attached hereto as Exhibit 1.  28 U.S.C. § 1446(a).

13.    As required by 28 U.S.C. § 1446(d), Polaris will serve written notice of this Notice of Removal promptly on Plaintiffs, and will file a copy of this Notice of Removal with the clerk of the state court. A copy of the Notice of Filing to be filed with the Circuit Court of Marathon County is attached hereto as **Exhibit 2**.

### III.    CONCLUSION

WHEREFORE, Polaris hereby removes this action from the Circuit Court of Marathon County, Wisconsin to the United States District Court for the Western District of Wisconsin.

DATED: July 1, 2020

/s/ Douglas M. Poland
Douglas M. Poland, State Bar No. 1055189
RATHJE WOODWARD LLC
10 E Doty Street, Suite 507
Madison, WI 53703
Phone:  608-960-7430
Fax:  608-960-7460
dpoland@rathjewoodward.com

4

        Michael J. Montgomery (pro hac vice application forthcoming)
Justin L. Monday (pro hac vice application forthcoming)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
P: (216) 363-4500
F: (216) 363-4588
mmontgomery@beneschlaw.com
jmonday@beneschlaw.com

*Attorneys for Defendant, Polaris Industries Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal is being served on this 1st day of July, 2020, upon the following by first-class United States mail, postage prepaid:

> Daniel W. Varline
> Marissa A. Reynolds
> Davczyk & Varline, LLC
> 1400 Merrill Avenue
> P.O. Box 1192
> Wausau, WI 54402-1192

>> /s/ Douglas M. Poland
>> Douglas M. Poland